UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

BROWN, CYNTHIA                                             Case No. 10-19354

    Debtor

## RESPONSE OF DEBTOR TO TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN

**Background**

The Debtor is a State employee for nearly 26 years. Although Debtor is married, she is filing this petition individually. From her schedules, her non-filing spouse recently made approximately 300% more than the Debtor in income. Debtor's individual take home income is listed at $3,792.50. Calculation of her net disposable income according to her Schedule I and J led to a net figure of just more than $560.00. Standing Chapter 13 Trustee Objects that Debtor's plan does not call for a $2093.02 monthly plan payment.

Now comes the Debtor, Cynthia Brown, and respectfully responds to the Objection of the Chapter 13 Trustee to the Debtor's Chapter 13 Plan (the "Plan') and she does respond as to the objection follows:

1. Admit.

2. Admit.

3. Admit the amount stated on the B22C form. Denies she has not devoted all projected disposable income for a period of 60 months.

4. Denies.

5. Admits the amount on line 50 of the B22C Form. Admit that an expense of $232.56, representing an appropriate 10% Trustee fee, in accordance with the calculated B22C Statement of Monthly Income form was calculated. Admit that the B22C form calculates a sum of $2,325.58. Admits a proposed Plan payment of $560.63 is contained in Debtor's plan. The rest of the paragraph is denied.

Debtor does affirmatively aver:

1. The *actual* Statement of Monthly Net Income (from paragraph 20 of Schedule J) is $560.63 a month.

2. The Chapter 13 Trustee does not object to the actual income and expense figures on schedule I and J.

3. The Debtor's proposed Plan proposes to pay the *actual* net disposable $560.63 in a monthly Plan payment for a period of 60 months.

4. All creditors have received notice of the Debtor's Chapter 13 Plan and there have been no objections to confirmation by any creditors.

5. The plain language of B22C form did not allow for the deduction of many actual reasonable and necessary expenses of the Debtor listed on schedule J.

6. It is evident that the Debtor has approximately $1532.39 more in real monthly household expenses than is apparently deductable under the plain language and standard mechanical approach of the B22C form, and that Debtor has proposed to pay all that she can afford to pay.

7. The mechanical approach has no applicability here, as the amount on the B22C form does not represent the Debtor's true projected future monthly disposable income. This Court should utilize a forward looking approach and allow the Debtor's proposed Plan based on her actual Statement of Monthly Net Income under her schedule J to continue to serve as a basis for her proposed Plan.

WHEREFORE, the Debtor prays for an Order denying the Trustee's objection or in the alternative for an Order which determines that the schedule J expenses shall be deductable from the calculated B22C Plan Payment.

Dated August 9, 2010                    /s/ Terrence L. Parker, Esq.
                                        185 Alewife Brook Parkway, Ste 404
                                        Cambridge, MA  02138
                                        (617) 491-2265
                                        B.B.O.: #555277
                                        TParker612@aol.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Response to the Trustee's Objection to Confirmation of the Debtor's Chapter 13 Plan was served upon the Standing Chapter 13 Trustee via ECF and the Debtor, Cynthia A. Brown, at 26 Highland Terrace, Brockton, MA  02301.

/s/ Terrence L. Parker, Esq.