# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| CYNTHIA ANN BROWN, Debtor | Chapter 13<br>Case No. 10-19354-FJB |

**TRUSTEE'S OBJECTION TO MOTION TO DETERMINE THAT CHAPTER 13 STATEMENT OF CURRENT MONTHLY AND DISPOSABLE INCOME (FORM B22C) DOES NOT DETERMINE PLAN PAYMENT**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to the Debtor's Motion to Determine that Chapter 13 Statement of Current Monthly and Disposable Income (Form B22C) Does Not Determine Plan Payment ("the Motion") and as reasons therefore states as follows:

1.  On November 2, 2010, the Trustee filed an Objection to Confirmation of the Debtor's proposed Chapter 13 Plan ("the Trustee's Objection"). The Trustee's Objection was based on the fact that the B22C form showed that the Debtor could pay more to unsecured creditors than provided for in the proposed chapter 13 plan.

2.  Specifically, the Trustee alleged that that line 59 of the B22C form showed that the Debtor had $2,093.02 available each month, which when multiplied by 60 months would provide for a payment to general unsecured creditors of $125,581.20. The proposed Plan provides for a total payment of $10,060.22 to general unsecured creditors.

3.  The Trustee's Objection also stated that the Debtor over-claimed the chapter 13 administrative expense on line 50.

4.  The Motion seeks a determination that the B22C form does not determine the Debtor's plan payment. The Motion states that "[t]he United States Supreme Court under Hamilton, Chapter 13 Trustee v. Lanning, No. 08-998 (decided June 7, 2010) has recently

rejected the mechanical approach to viewing the Debtor's projected future disposable income" and alleges that the Debtor has expenses that are "not either listed in the plain language of the B22C or limited to some degree."

5.      The Supreme Court in Lanning did not "reject" the mechanical approach to viewing future disposable income. Instead, the Supreme Court found that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation. Hamilton v Lanning, 130 S. Ct. 2464; 177 L. Ed. 2d 23, 35 (U.S. June 7, 2010).

6.      The Debtor appears to be asking that this Court disregard the B22C form based on the Lanning ruling, and rely solely on schedules I and J to determine what amount the Debtor will be required to pay creditors. The Trustee objects to this interpretation of the Lanning ruling, and again states that the Court in Lanning simply said that a bankruptcy court *may* (emphasis added) take into account certain changes in a debtor's income and expenses, but does not either require that a Court look beyond the B22C form, or require that a Court look solely at schedules I and J to determine a debtor's disposable income.

7.      Further, the Debtor states that the Trustee "does not object to the actual income and expenses figures on schedule I and J." The Trustee disputes this assertion. Since the Debtors are above-median, the Trustee reviewed the income and expenses on the B22C form, and unless expenses listed on schedule J were also listed on the B22C form, the Trustee was not required to either object to and/or address those expenses.

8.      The Debtor is correct that the B22C form only allows certain expense deductions. This is because the deductions on the B22C form are either IRS standard deduction, or are deductions that Congress found were reasonably necessary. There are a number of expenses on

2

the Schedule J that are not found on the B22C form, and if the Court does determine that schedule J should be used to determine the proper expenses rather than the B22C form, the Trustee objects to the following expenses on schedule J as unreasonable, unnecessary or excessive:

    a.    Xmas Presents Holiday Gifts:    $130.00
This expense is not reasonably necessary.

    b.    Legal Expenses Chapter 13:    $ 64.79
(the Plan includes $1,000.00 in attorneys fees, therefore this expense is already provided for in the Chapter 13 plan)

    c.    Misc Household Expenses    $ 100.00
This expense is vague, and is already provided for in the other expenses such as home maintenance, food, clothing, laundry, dry cleaning, medical, dental, transportation, and recreation.

    d.    Timeshare Payment    $ 138.64
Maintenance of a vacation home is not a reasonably necessary expense when not proposing to pay creditors a 100% dividend.

    e.    Approximate amount not paid    $3,000.00
on a regular basis to household
The Trustee assumes that this relates to the Debtor's spouse. The Trustee notes that there is no marital deduction taken on the B22C form for the spouse's expenses, and therefore objects to the deduction on Schedule J.

WHEREFORE, the Trustee requests that the Court deny the Debtor's Motion, and for such other relief as is proper.

Dated: November 15, 2010    Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee,
By: /s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer, BBO#639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0022
(617) 723-1313
13trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br>CYNTHIA ANN BROWN,<br>　　　　　　　Debtor | Chapter 13<br>Case No. 10-19354-FJB |

**Certificate of Service**

　　　The undersigned hereby certifies that on <u>November 15, 2010,</u> a copy of the foregoing Trustee's Objection was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel at the addresses set forth below.

| | |
|---|---|
| Cynthia Ann Brown<br>26 Highland Terrace<br>Brockton, MA 02301 | Terrence L. Parker<br>185 Alewife Brook Parkway<br>Suite 404<br>Cambridge, MA 02138 |

　　　　　　　　　　　　　　　　　　　　　/s/ **Patricia A. Remer**
　　　　　　　　　　　　　　　　　　　　　Patricia A. Remer, BBO 639594

4